IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTAINER DIRECT INTERNATIONAL FURNITURE, INC., CONCEPTS DESIGN INNOVATION FURNITURE, INC., CONCEPTS DESIGN FURNITURE, INC., COMPTOIR DES INDES, and DAVID QUAKNINE, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 22 C 1086 |
| v. | ) ) | Magistrate Judge Jeffrey Cole |
| FISHER & BROYLES LLP and ALASTAIR J. WARR, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendants have filed a motion to dismiss the Complaint, arguing that the statute of limitations had run before plaintiffs filed, that certain plaintiffs do not have standing to sue, and that they did not have a duty to plaintiffs to pursue insurance coverage. For the following reasons, the defendants' motion [Dkt. #24] is granted and the plaintiffs' case is dismissed with prejudice.

**I.**

The plaintiffs initially filed this case in the Circuit Court of Cook County on December 17, 2021, and the defendants removed it to the United States District Court for the Northern District of Illinois. The Complaint alleges legal malpractice against the defendants, Alastair Warr and the law firm of Fisher & Broyles LLP, in connection with an intellectual property case filed against plaintiff, Comptoir des Indes, and two of its other corporate identities, CDI Furniture and CDI International in October of 2014. According to the Complaint, the defendants committed malpractice in

connection with legal advice regarding Comptoir's insurance policy and making a claim regarding that 2014 case. More specifically, the plaintiffs allege that the defendants:

> (a) failed to carefully review the Intact insurance policy;
>
> (b) failed to advise Concepts that they should make a claim on the Intact policy regarding the Halo I Complaint;
>
> (c) failed to advise Concepts to seek coverage counsel to evaluate the Intact policy relating to the Halo I Complaint;
>
> (d) failed to advise Concepts it should involve Intact in settlement discussions with Halo relating to the Halo I Complaint;
>
> (e) failed to advise Concepts their actual exposure in the Halo I Complaint if they fail to submit a claim;

[Dkt. #1-1, Pars. 27, 33]. Obviously, a legal malpractice claim regarding insurance coverage for a case filed eight years ago sets off some statute of limitations alarm bells. The applicable statute of limitations for legal malpractice claims is two years, and the statute of repose cuts off claims after six years. 735 ILCS 5/13-214.3(b), (c). So, we go back nearly a decade to see what we're all doing here, and whether we should be doing it at all.

### A.

On October 20, 2014, plaintiff, Comptoir des Indes, was sued in the Northern District of Illinois by Halo Creative & Design Limited, Halo Trademarks Limited and Halo Americas Limited (collectively "Halo") for trademark, patent, and copyright infringement. *Halo Creative & Design Ltd. v. Comptoir Des Indes Inc.*, No. 14 C 8196, 2018 WL 4742066 (N.D. Ill.).[1] Comptoir was served that same day, moved for an extension of time to answer on November 10, 2014, and then

---

[1] On a motion to dismiss, the court can take judicial notice of matters of public record such as case dockets and state court opinions and case dockets. *520 S. Michigan Ave. Assocs., Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

moved to have the case transferred to Canada on December 10, 2014. [No. 14 C 8196, Dkt. ##11-15, 20]. Judge Leinenweber granted that motion, and one can certainly see why. The plaintiff in the Halo case was a Hong Kong corporation. The defendants, including the plaintiffs here, were all in Quebec, and did their manufacturing through plants in China, Viet Nam, and India. [No. 14 C 8196, Dkt. #1, Pars. 2-6]. But, on appeal, the Seventh Circuit disagreed and sent the case back to the District Court. [No. 14 C 8196, Dkt. #1, Pars. 42]. Comptoir and its co-defendants would eventually lose the case after a jury trial in January 2018. [No. 14 C 8196, Dkt. ##204-06, 217, 220].

Way back in October of 2014, when the case began, Comptoir was represented by Mark R. Bagley and Glenn D. Bellamy. Over a year and a half into the litigation, at the beginning of 2016, Comptoir decided it wanted additional counsel and contacted the defendant, Alastair Warr, who at the time was with the Firm, Krieg DeVault, LLP. Plaintiffs claim Comptoir signed an engagement letter with Warr and the Krieg Firm to represent it on March 18, 2016. [Dkt. #20, Par. 8], seventeen months into the case. Plaintiffs further claim, albeit vaguely, that "shortly after" retaining Warr, Comptoir told him it had insurance coverage through Intact Insurance Company ("Intact") that might cover defense costs and indemnity for Halo's claims against them. [Dkt. #20, Par. 10]. Plaintiffs say Warr did not request a copy of the policy and did not advise Comptoir to submit a claim relating to the Halo litigation. Instead, he purportedly agreed with Comptoir's insurance broker that the submission of any claim to Intact would be denied and would not result in coverage. [Dkt. #20, Par. 10].

Warr left the Krieg Firm for the Fisher law Firm sometime around July 2016. Comptoir decided to stick with Warr and on or around August 1, 2016, it signed a new engagement letter with Warr and the Fisher firm. [Dkt. #20, Par. 11; Dkt. #24-4]. Plaintiffs claim that, despite knowing

about the Intact insurance policy, Warr and the Fisher firm submitted Initial Rule 26 Disclosures that stated Comptoir, "has no insurance agreement meeting the requirements of Rule 26(a)(1)(A)(iv)." [Dkt. #20, Par. 14]. Left unclear from the Complaint is what had been going on between Comptoir and its original counsel regarding the insurance policy matter for the first year and a half – or more – of the case. There will be a bit more on that later; it would seem, however, that the plaintiffs glossed over that portion of their story because of the statute of repose would have cut off any malpractice claims against the attorneys Comptoir had for the first year and a half of the Halo case.

In any event, the Halo case went to a jury trial and on January 29, 2018, the jury found for Halo and against Comptoir and awarded $3,559,284 in damages, and an injunction was entered against Comptoir. Plaintiffs allege that it was likely that the Halo litigation could have settled for much less and with funds contributed by Intact. [Dkt. #20, Pars. 16-17]. They also claim that the attorney's fees it incurred defending the litigation, the verdict, and the injunction against it forced Comptoir into bankruptcy. Plaintiffs feel that all may have been avoided had they submitted an insurance claim, and it was decided that coverage was appropriate. [Dkt. #20, Pars. 15-17].

Comptoir and Warr (and the Fisher Firm) parted company in February 2019, with Warr and the Firm's motion to withdraw as counsel being granted February 6, 2019. [Dkt. #20, Par. 19; No. 14 C 8196, Dkt. ##286, 298]. Comptoir's new counsel advised it to submit a claim for defense and indemnity for the Halo litigation as well as a second case Halo had filed. [Dkt. #20, Par. 19]. Intact denied it was liable for any defense costs on September 10, 2019, and denied it had a duty to defend or indemnify Concepts regarding either Halo litigation. [Dkt. #20, Par. 20; #24-8, at 4]. Plaintiffs allege that the denial was based on a number of reasons, including failure to provide timely notice of a claim. Plaintiffs claim that some of Intact's reasoning echoed what Comptoir's insurance broker

and Warr told it back in 2016. [Dkt. #20, Par. 20]. Based on that, plaintiffs claim that Comptoir was *still* not aware that the advice to not even bother to submit a claim to Intact might have been incorrect. [Dkt. #20, Par. 21].

**B.**

Intact filed a Declaratory Judgment action against Comptoir in Cook County Circuit Court in 2019. [Dkt. #24-8, at 4]. On May 14th, 2021, the court ruled on cross-motions for summary judgment relating to whether Intact had a duty to defend Comptoir. With respect to the first Halo litigation, the court found that Intact had no duty to pay defense costs because Comptoir failed to timely submit a claim. The court accepted Intact's argument that the Policy required Comptoir to notify Intact of its claim as soon as it was aware of it:

> As a condition precedent to coverage under the Policy, Section 13.3.2, unambiguously states that [Comptoir is] required to notify [Intact] of any loss or damage which may give rise to an indemnity claim, as soon as [they] become aware of it." The Court finds no exceptions or clauses within the Policy negating [Concepts'] duty to notify [Intact] of the First Halo Action because of [Comptoir's] "reasonable belief" that a claim may or may not be covered under the Policy. Moreover, the Court finds that [Comptoir] knowingly and unreasonably failed in its duty to timely notify [Intact] "as soon as it became aware," of the First Halo Action, as required by the Policy. In so doing, [Comptoir] forfeited all rights to coverage under the Policy.

[Dkt. #24-8, at 7].[2]

Plaintiffs allege that it was not until this ruling that it became aware that Warr and Fisher's failure to advise Comptoir to submit a claim at the time they represented Comptoir wrongfully caused an injury. [Dkt. #20, Par. 24]. Curiously, Comptoir claims that, "[b]ased on [the court's] May 14th, 2021 Order, had [Comptoir] *submitted a claim in 2016* to Intact to cover the Halo I Complaint,

---

[2] *See,* n.1, *supra*.

it may have been determined that coverage was appropriate." [Dkt. #20, Par. 25 (emphasis added)]. But, it's beyond a stretch to get that from the court's ruling. Actually, according to the ruling, 2016 would have been far too late to submit a claim because Comptoir "became aware of the First Halo Action" back when the case was filed and they were served in October 2014. Comptoir was certainly well aware of the claim no later than December 10, 2014, when it filed a *forum non conveniens* motion demonstrating a full awareness of what the case was about. [No. 14 C 8196, Dkt. ##20, 21]. Indeed, as the Complaint is pled, the defendants had nothing to do with Comptoir's failure to provide timely notice of the Halo litigation to Intact because by the time they were on board, according to the Cook County Circuit Court's ruling, it was too late.

Defendants point out this glaring problem, but don't delve too deeply into it. Instead, they raise a handful of other issues with plaintiffs' Complaint. The first and foremost is the statute of limitations. Under the Illinois law, a legal malpractice claim "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13-214.3(b). Defendants argue that once Intact sent Comptoir the letter disclaiming coverage on September 10, 2019, it reasonably knew of its injury. [Dkt. # 24, at 11-12]. As such, plaintiffs' lawsuit, filed on December 17, 2021 [Dkt. #1-], would have been filed too late. But, as we know from plaintiffs' Complaint, the plaintiffs' theory is that Comptoir didn't reasonably know of its alleged injury until the Circuit Court of Cook County issued the May 14, 2021 Opinion. [Dkt. #28, at 7].

## II.

As plaintiff points out, the general rule regarding malpractice claims based on the mishandling of litigation is that the statute of limitations does not begin to run until the trial court

6

enters a final judgment. *Praxair, Inc. v. Hinshaw & Culbertson*, 235 F.3d 1028, 1032 (7th Cir. 2000). As the Seventh Circuit has explained:

> The reason is not that it is certain then that the loser (the subsequent malpractice plaintiff) has been hurt, because he may get the judgment overturned on appeal; it is that it is too difficult to identify an earlier point at which he can be said to have been injured. Was it when his lawyer failed to raise a dispositive defense in the answer to the complaint? When he failed to object to a crucial bit of evidence? When he fainted during final argument? To avoid these conjectures and resulting uncertainty about when the statute of limitations began to run, the courts give the malpractice plaintiff two years from the date on which the trial court entered the final judgment against him in the suit that he claims his lawyer booted.

*Praxair, Inc. v. Hinshaw & Culbertson*, 235 F.3d 1028, 1032 (7th Cir. 2000). That makes sense, of course, but not so much in the case we have here. "General propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905). *See also United States v. Costello*, 666 F.3d 1040, 1050 (7th Cir. 2012).

The malpractice that the plaintiffs claim the defendants committed was failing to submit a claim regarding the first Halo case. Whether that was a gaffe or not, it had nothing to do with the Comptoir losing that case. It didn't, as Illinois state courts frequently put it, cause Comptoir to "become entangled" in "the underlying action." *Hermansen v. Riebandt*, – N.E.3d –, –, 2020 WL 6939620, 2020 IL App (1st) 191735, ¶ 79 (1st Dist. November 25, 2020); *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349, 356-57, 703 N.E.2d 473, 479 (1st Dist. 1998). The plaintiffs aren't claiming the defendants "booted" the Halo case; they are claiming the defendants booted the chance of getting the insurance company involved. This is not a claim for malpractice leading to the loss of a case; it is a claim for transactional malpractice. *See, e.g, Mizrachi v. Ordower*, No. 17 C 8036, 2020 WL 1914646, at *3-4 (N.D. Ill. Apr. 19, 2020)(discussing cases).

Additionally, according to the plaintiffs' Complaint, win or lose, Comptoir suffered damages long before the loss of the case: it feels it was paying for its defense unnecessarily given its insurance policy. *See, e.g., Suburban Real Est. Servs., Inc. v. Carlson*, – N.E.3d –, – , 2022 WL 186574, *11 (Ill. 2022)(discussing the "proposition that in some cases, prior to a judgment, there may be an actual loss for which the client could seek monetary damages attributable to attorney neglect. In each decision, the client suffered a monetary loss attributable to the attorney's neglect, and the client discovered the injury when hiring new counsel to mitigate that loss."); *Peoria-Tazewell Pathology Grp., S.C. v. Sutkowski L. Off. Ltd.*, – N.E.3d –, –, 2022 WL 872297, *4, 2022 IL App (3d) 200245-U, ¶ 19 (3rd Dist. March 24, 2022)(" . . . a legal malpractice action may accrue before that time if it is "plainly obvious" the plaintiff has been injured by professional negligence or the attorney's neglect is a direct cause of legal expenses incurred by the plaintiff."); *Zweig v. Miller*, 182 N.E.3d 159, 167-68, 450 Ill.Dec. 713, 721-22 (1st Dist. 2020).

So when should the plaintiff have "reasonably . . . known of the injury for which damages are sought"? That's often a question of fact, but not when "there is a single, clear answer to be drawn from the undisputed facts in the record." *Stark v. Johnson & Johnson*, 10 F.4th 823, 829 (7th Cir. 2021). Again, given the Cook County Circuit Court's ruling against it, Comptoir should have submitted notice of a claim to Intact back in 2014, well before it engaged the defendants to represent it; the notice provision of the Intact policy was clear. And, again, the only plausible reason for Comptoir ignoring the first year and a half of the Halo litigation – while it was represented by different counsel – and the failure during all that time to provide notice to Intact, must be the statute of repose. But, giving plaintiffs the benefit of the doubt, and accepting plaintiffs' choice to target the lawyers they hired well into the case, the court has to agree with the defendants that, at the very

8

latest, Comptoir knew that the failure to provide Intact timely notice was a major gaffe was when Intact told them so back in September of 2019. At that point – accepting plaintiffs' theory that defendants and not someone else were to blame, Comptoir had "some indication of wrongdoing" at that point; the relationship between the injury and the wrongful conduct they are alleging here was not "obscure." *Heiman v. Bimbo Foods Bakeries Distribution Co.*, 902 F.3d 715, 720 (7th Cir. 2018). If Comptoir wanted to blame someone, other than itself, for that failure to provide timely notice, that was the time. December 17, 2021 – over two years later – was too late

Plaintiffs don't even address Intact's denial letter in their response to the defendants' motion to dismiss, other than to claim that:

> the fact remains that the allegations in the Amended Complaint allege that Intact never received notice of the underlying action because Defendants Warr and Fisher Broyles, LLP never requested "a copy of the policy and did not advise Concept to submit a claim relating to the Halo I complaint" despite Plaintiffs conveying to Warr that "they had insurance coverage through Intact Insurance Company ("Intact") that may cover defense costs and indemnity for claims made in the Halo I Complaint."

[Dkt. #28, at 6-7]. But, again, given the year and a half of litigation the plaintiffs carefully ignore in their Complaint, and the Cook County Circuit Court's ruling, that's not even plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). The timely notice train had long since left the station by the time Comptoir hired the defendants.[3]

---

[3]Because the court finds the Plaintiffs' suit was untimely, there is no need to address the Defendants' other arguments.

9

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the Complaint with prejudice [Dkt. #24] is granted.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/23/22